UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> v.<br><br>LEXINGTON INSURANCE COMPANY, et al.,<br><br>     Defendants. | Case No. 14-CV-8060 (KMK)<br><br>OPINION & ORDER |
| DELFINO COPORATION,<br><br>     Third-Party Plaintiff,<br> v.<br><br>TST CONSTRUCTION, LLC,<br><br>     Third-Party Defendant. | |

Appearances

Michael Menapace, Esq.
Melissa Fernandez, Esq.
Wiggin and Dana LLP
Hartford, CT
*Counsel for Plaintiff*

Paul L. Kassirer, Esq.
Dennis M. Rothman, Esq.
Lester, Schwab, Katz and Dwyer LLP
New York, NY
*Counsel for Defendant, Third-Party Plaintiff Delfino Corporation*

Robert A. Weis, Esq.
The Law Firm of William G. Sayegh, P.C.,
Carmel, NY
*Counsel for Defendant Bader Company*

Caroline K. Hock, Esq.
Lewis Johs Avallone Aviles, LLP
Islandia, NY
*Counsel for Third-Party Defendant TST Construction, LLC*

KENNETH M. KARAS, United States District Judge:

Hartford Casualty Insurance Company ("Hartford") instituted this Interpleader Action pursuant to 28 U.S.C. § 1335 to determine the proper disbursement of insurance policy proceeds. (Dkt. No. 57.) Presently before the Court is Hartford's Motion To Dismiss all Crossclaims and the Third-Party Complaint, (Dkt. No. 148), as well as the Motion To Dismiss the Third-Party Complaint filed by TST Construction, LLC ("TST"), (Dkt. No. 177). For the following reasons, both Motions are granted in their entirety.

## I. Background

### A. Factual Background

Hartford issued to TST a business liability insurance policy effective to May 25, 2013, but cancelled effective August 27, 2012 ("the Policy"). (Am. Compl. ¶ 38 (Dkt. No. 57.)) Among other things, the Policy requires Hartford to defend and indemnify TST pursuant to the terms of the Policy. (*Id.*) The Policy provides an applicable limits of insurance of $1 million. (*Id.* ¶ 40.)

On or about June 15, 2012, TST allegedly started a fire at Uncle Bob's Self Storage ("the Fire") while working there as a subcontractor of Delfino Corporation ("Delfino"). (*Id.* ¶¶ 41–42.) As a result, various individuals and companies have made claims against TST and Delfino (collectively, "Claimants"), who have sought insurance coverage under the Policy in response. (*Id.* ¶ 42.) The total amount of the known claims alleging TST is responsible for damages caused by the Fire is in excess of $3.2 million. (*Id.* ¶ 47.)

B. Procedural Background

Plaintiff commenced the instant Interpleader Action under § 1335 on October 7, 2014, seeking the Court's assistance in determining to whom and in what amounts the Policy proceeds should be disbursed among Claimants.  (Dkt. No. 1.)  On March 10, 2015, Plaintiff filed its Amended Complaint against Allstate Indemnity Company, Allstate Insurance Company, Amica Mutual Insurance, Bader Company ("Bader"), Kathleen Buford, Chubb Indemnity Insurance Company, Delfino, Robert Diano, GEICO, Great Northern Insurance Company, Hartford Fire Insurance Company, Kelly's Corner, John King, Charles Ledbetter, Thomasa Ledbetter, Lexington Insurance Company, Liberty Mutual Fire Insurance Company, Keith Long, Tina Marie Maksoud, Silvana Mazzariello, Narragansett Bay Insurance Company, Carolyn Pearsall, Anthony Pironti, Praxis Consulting, Inc., Property & Casualty Company of Hartford, Sentinel Insurance Company Ltd., St. Paul Fire and Marine, State Farm Insurance, The Auto-Mobile Insurance Company of Hartford, The Charter Oak Fire Insurance Company, The Travelers Indemnity Company, Leigh Tobias, and Westchester Wildlife/Batcone LLC.  (Dkt. No. 57.)

On April 20, 2015, Delfino filed its Answer, asserting a Crossclaim against Claimants who have "asserted or will assert claims" against Delfino "for the unpaid amount of their losses." (Delfino Answer ¶ 71 (Dkt. No. 91); *see generally* ¶¶ 68–72.)[1]  Delfino also filed a Counterclaim against Hartford, "demand[ing] that [Hartford] defend and indemnify Delfino against [such

---

[1] State Farm Insurance and Allstate Indemnity Company had previously filed crossclaims against Delfino.  (Dkt. Nos. 71, 74.)  After Delfino submitted its Answer, The Auto-Mobile Insurance Company of Hartford, The Travelers Indemnity Company, St. Paul Fire and Marine, and The Charter Oak Fire Insurance Company, Chubb Indemnity Insurance Company, Hartford Fire Insurance Company, Sentinel Insurance Company Ltd., and Property & Casualty Company of Hartford also filed crossclaims against Delfino.  (Dkt. Nos. 103, 109, 115–17.)  These claims, along with Delfino's demand for "a declaration as to its liability, if any," (Delfino's Answer ¶ 72), are collectively referred to as the "Crossclaims."

3

claims]." (*Id.* ¶ 61; *see generally* ¶¶ 57–67).  On April 24, 2015, Delfino filed a Third-Party Complaint against TST, seeking damages for indemnity, contribution, and breach of contract. (Dkt. No. 104.)

Pursuant to a scheduling order adopted by the Court on June 1, 2015, (Dkt. No. 140), Hartford filed its Motion To Dismiss all Crossclaims, the Counterclaim, and the Third-Party Complaint, along with a memorandum of law, on June 10, 2015, (Dkt. No. 148), and TST filed its Motion To Dismiss the Third-Party Complaint and supporting papers on August 13, 2015, (Dkt. Nos. 177–79).  Delfino filed its opposition papers on September 18, 2015.  (Dkt. No. 182.) Bader filed its own opposition papers on the same day.  (Dkt. No. 183.)  TST submitted its reply on September 28, 2015, (Dkt. No. 186), and Hartford submitted its reply on October 9, 2015, (Dkt. No. 189).

## II.  Discussion

### A.  Standard of Review

Hartford moves to dismiss all Crossclaims, the Counterclaim, and the Third-Party Complaint on the grounds that the Court lacks subject matter jurisdiction over them.  (*See* Hartford's Mot. to Dismiss ("Hartford's Mot.") (Dkt. No. 148).)  TST argues the same with respect to the Third-Party Complaint.  (*See* TST's Mot. to Dismiss (Dkt. No. 177).)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (internal quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d

Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).  In making this determination, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  "But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."  *Id.* (alterations and internal quotation marks omitted); *see also Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 696 (S.D.N.Y. 2014) ("[W]here subject matter jurisdiction is contested[,] a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits.").  Ultimately, "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Tandon*, 752 F.3d at 243 (internal quotation marks omitted).

  B. Analysis

Interpleader is a statutory remedy that offers "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under [its] control a procedure to settle the controversy and satisfy [its] obligation in a single proceeding."  7 Charles Alan Wright, et al., *Federal Practice and Procedure Civil* § 1704 (3d ed. 2013) (footnote omitted).  Interpleader actions typically proceed in two stages.  *See Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140, 143 (2d Cir. 1988).  First, the district court must determine whether the statutory requirements for an interpleader action have been met, meaning that there is a single fund at issue and there are adverse claimants to that fund.  *See Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 415 (E.D.N.Y. 2013).  If so, then the second stage requires that the district court determine the respective rights of the claimants to the fund.  *See*

*Fid. Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) (citing *Avant Petroleum*, 853 F.2d at 143).  Title 28, United States Code, Section 1335 grants original jurisdiction to the district courts over interpleader actions under certain circumstances.  Specifically, "a district court has jurisdiction over a civil action involving adverse claims to money or property worth $500 or more so long as at least two of the adverse claimants are of diverse citizenship and 'are claiming or may claim to be entitled to such money or property.'" *Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1068 (2d Cir. 1990) (citing 28 U.S.C. § 1335).

It is well established that federal interpleader "was not intended to serve the function of a 'bill of peace.'"  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 537 (1967); *see also Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 309 (S.D.N.Y. 2012) (same).  Rather, for actions brought under § 1335, "[t]he scope of litigation, in terms of parties and claims, is normally circumscribed by the confines of the fund."  *Bache & Co., Inc. v. Roland*, 375 F. Supp. 989, 990–91 (S.D.N.Y. 1974); *see also In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 642 (10th Cir. 2014) (reaffirming that "the stake constitutes the outer limits of that jurisdiction" under § 1335).  "The existence of the fund cannot ordinarily be seized upon as an opportunity for achieving results that exceed the resolution of disputes concerning entitlement to the fund."  *Bache*, 375 F. Supp. at 990–91 (citing *Tashire*, 386 U.S. at 533–34).

1. Crossclaims

The Crossclaims explicitly seek to adjudicate Delfino's liability "[i]nasmuch as the Claimants are not paid in full and will not be paid in full from the . . . Policy [p]roceeds."  (Delfino Answer ¶ 71.)  Delfino specifically "demands a declaration as to its liability, if any, to

6

each Claimant[], for damages suffered by each Claimant resulting from the Fire, and the amount of Delfino's obligation to each Claimant therefor, if any." (*Id.* ¶ 72.)  By its Motion, Hartford challenges the Court's jurisdiction to consider the Crossclaims in this Interpleader Action.[2]

Generally, a party may assert a crossclaim where "the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action."  Fed. R. Civ. P. 13(g).  As to interpleader actions specifically, however, the scope of a district court's jurisdiction to adjudicate personal crossclaims filed by one interpleaded party against another is limited in scope.  As the Supreme Court long ago explained in *Tashire*, interpleader "cannot be used to solve all the vexing problems of multiparty litigation."  386 U.S. at 535.  Section 1335 simply "does not authorize consolidation of all related tort actions into a single action . . . ."  *Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 696 (N.D. Iowa 2013) (citing *Tashire*, 386 U.S. at 530, 535–37).  Indeed, crossclaims are permissible "to attack [other interpleader defendants'] claims against the common fund, but *for no other purpose*."  *Allstate Ins. Co. v. McNeill*, 382 F. 2d 84, 87 (4th Cir. 1967) (emphasis added); *see also Cont'l Ill. Nat. Bank & Trust Co. of Chi. v. R.L. Burns Corp.*, 552 F. Supp. 113, 115 (N.D. Ill. 1982) ("Subject matter jurisdiction under § 1335 is limited to the resolution of conflicting claims to the fund in controversy.").

---

[2] Regardless of whether Hartford "has [a] right to move against Delfino's crossclaim under Rule 12(b)," (Delfino's Opp'n to Mots. ("Delfino's Opp'n") 16 (Dkt. No. 182)), "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  This Court, therefore, "must raise and decide" the issue of subject matter jurisdiction, regardless of the Parties' submissions.  *Id.*

Such is the case here, where the Crossclaims seek to resolve disputes well beyond the Policy proceeds that "mark[] the outer limits of the controversy." *See Tashire*, 386 U.S. at 534 (explaining that "where a stakeholder, faced with rival claims to the fund itself, acknowledges—or denies—his liability to one or the other of the claimants . . . the fund itself . . . marks the outer limits of the controversy"); *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) ("The stake marks the outer limits of the stakeholder's potential liability where the respective claimants' entitlement to the stake is the sole contested issue." (citing *Tashire*, 386 U.S. at 535)). This Interpleader Action does not raise the issue of independent claims against Hartford beyond the amount of "the fund itself." In fact, the *sole* issue raised in the Amended Complaint is that of entitlement to the Policy proceeds—namely, "to whom and in what amounts these funds should be disbursed." (Am. Compl. ¶ 52.) Hartford has admitted full liability for purposes of this interpleader and seeks only to determine the amount of damages suffered by each Claimant and to be paid out of the fund. (*See, e.g.*, Hartford's Mem. of Law in Supp. of Mot. ("Hartford's Mem.") 8 (Dkt. No. 148-1) ("conced[ing] that the entire Policy will be paid" such that "the only question before the Court is how to divide the funds"); Hartford's Reply Mem. of Law in Supp. of Mot. ("Hartford's Reply") 6 (Dkt. No. 189) ("admitting 100% liability to and seeking the assistance of the Court . . . to distribute the entirety of the . . . [P]roceeds").)

The Crossclaims, on the other hand, raise the issue of Delfino's liability to other Claimants and are thus wholly unrelated to the payment of the Policy proceeds that are the subject of the Interpleader Action. *See* 7 Charles Alan Wright, et al., *Federal Practice and Procedure Civil* § 1715 (3d ed. 2013) ("[A] cross-claim, which may be attempting to establish the tortfeasor's liability above and beyond the fund, typically will not be very closely related to the interpleader claim."). Entirely unconnected to Hartford's cause of action, such independent

tort claims fall outside the scope of jurisdiction under § 1335. *See Combined Ins. Co. of Am. v. Swift*, No. 13-CV-86, 2014 WL 2818670, at *4 (N.D.W. Va. June 23, 2014) (finding the interpleader defendants' crossclaim "not permissible under Rule 13(g)" where the claim was "completely unrelated to [the] right to the life insurance proceeds"); *Buckeye State*, 944 F. Supp. 2d at 700 (citing *Tashire* for proposition that interpleader actions are limited to "claims against the *fund*, that is, insurance proceeds, not claims against the alleged *tortfeasor* who is covered by the insurance policy" (emphasis in original)); *Carolina Cas. Ins. Co. v. Mares*, 826 F. Supp. 149, 153–54 (E.D. Va. 1993) (finding crossclaims that sought to establish a right to recover from other defendants any part of the damages not satisfied by the interpleader fund to be outside of the scope of permissible crossclaims permitted in interpleader actions); *Cont'l Ill. Nat. Bank*, 552 F. Supp. at 115 ("[A] cross-claim for breach of duty is not a claim on the fund as such and is thus outside the scope of jurisdiction under [§ 1335].").[3]

The cases cited by Delfino in its opposition papers do nothing to alter that conclusion, (*see* Delfino's Opp'n to Mots. ("Delfino's Opp'n") 14 (Dkt. No. 182)), as those decisions are largely inapposite as to whether this Court has jurisdiction over the Crossclaims.[4] In *Priority Records, Inc.* v. *Bridgeport Music, Inc.*, 907 F. Supp. 725 (S.D.N.Y. 1995), the district court was required to make an underlying determination of the parties' rights to the property and, in any

---

[3] In its opposition papers, Bader merely "adopts [Delfino's] arguments in opposition to the [M]otions, . . . with the exception of the arguments [that] seek to convince this Court that any consideration should be given to a review of the 'relative fault' of the storage unit customers." (Bader Mem. of Law in Opp'n to Mots. 1 (Dkt No. 183) (emphasis omitted).) Bader may rest assured that this Court will make no inquiry as to the liability of *any* Claimant, given that the issue falls well beyond the scope of the Interpleader Action.

[4] Curiously, in its opposition papers Delfino makes no reference to *Tashire*, (*see generally* Delfino's Opp'n), and thereby entirely disregards this seminal case on the limited reach of § 1335, *see Lee*, 688 F.3d at 1011 (explaining that *Tashire* set forth "fundamental principles" on the scope of interpleader actions).

9

event, had an independent basis for jurisdiction over the federal copyright claims at issue. *See* 907 F. Supp. at 732. By contrast, no such underlying determination of Claimants' liability is necessary here, and this Court has no such independent basis for jurisdiction over Claimants' putative tort claims. *See Provident Mut. Life Ins. Co. of Phila. v. Camerlin*, 534 F. Supp. 318, 320 (W.D. Pa. 1982) (noting that the court "would be reluctant to try a counterclaim unrelated to the interpleaded fund itself," because "there is a serious risk that such counterclaims could be used to manufacture federal jurisdiction where such jurisdiction would not otherwise lie"); *Bache*, 375 F. Supp. at 991 (noting "[t]here are numerous cases in which courts have rejected efforts to expand an interpleader action," especially "when no independent basis of federal jurisdiction as to the cross-claim exists"). Moreover, the court in *Priority Records* expressly limited its holding to "the particular circumstances of th[e] case," which was "one of those *few cases* where the speedy administration of justice [would] be promoted without serious injury to the objecting [party]." 907 F. Supp. at 732 (emphasis added) (internal quotation marks omitted). The Crossclaims would do just the opposite here by transforming an otherwise simple interpleader action into a full adjudication of the relative liability of some Claimants.[5] In the other cases upon which Delfino relies, the relevant crossclaim related directly to the interpleaded

---

[5] Moreover, there are several actions pending before the New York State Supreme Court regarding the property damage claims that stem from the Fire and raise the same issues as the Crossclaims. *See Narragansett Bay Ins. Co. v. Delfino Corp.*, No. 160212/14 (NY. Sup. Ct.); *Amica Ins. v. TST Constr.*, No. 2526/13 (NY. Sup. Ct.); *Pearsall v. Sovran Self Storage, Inc.et. al.*, No. 2417/12 (NY. Sup. Ct.). It seems, therefore, that the administration of justice would be more speedily achieved in those suits already underway. *Cf. Lexico Enters., Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010) ("The general rule among federal district courts is to avoid duplicative litigation."). Beyond likely delaying recovery, the Crossclaims would deny those plaintiffs, and other potential claimants, the right to choose their forum. *See Tashire*, 386 U.S. at 536 (noting that claimants have "substantial rights," including "the right to choose the forum in which to establish their claims, subject to generally applicable rules of jurisdiction, venue, service of process, removal, and change of venue").

assets. *See, e.g.*, *T.D. Bank, N.A. v. JP Morgan Chase Bank N.A.*, No. 10-CV-2843, 2010 WL 4038826, at *4–6 (E.D.N.Y. Oct. 14, 2010) (exercising jurisdiction over crossclaims arising from the alleged misappropriation of interpleaded funds); *MWH Int'l, Inc. v. Inversora Murten S.A.*, No. 11-CV-2444, 2012 WL 3155063, at *2 (S.D.N.Y. Aug. 3, 2012) (exercising jurisdiction over an interpleader defendant's "cross-claim [that] is a continuation of its claim to the res"). The court in *MWH International* expressly recognized that "cross-claims are generally permitted *when they are asserted against the common fund or subject of the main action*," 2012 WL 3155063 at *2 (emphasis added) (internal quotation marks omitted), whereas this Court has already determined that the Crossclaims here do no such thing. Lastly, Delfino cites *First National Bank of Cincinnati v. Pepper*, 454 F.2d 626 (2d Cir. 1972), for the proposition that a party asserting a proper crossclaim may join with it as many independent, unrelated crossclaims as the party has against an opposing party. Here, however, Delfino has not identified an underlying crossclaim upon which its Crossclaim could be added.

In sum, the Crossclaims do not fall within the scope of permissible crossclaims which may be asserted in a statutory interpleader action and thus must be dismissed.[6]

2. Counterclaim

In its Answer, Delfino also "demands[] that [Hartford] defend and indemnify Delfino against the allegations made [by Claimants]." (Delfino's Answer ¶ 61). Yet, as similarly

---

[6] In its opposition papers, Delfino erroneously characterizes "[Harford's] [M]otion as to only Delfino's crossclaim . . . ." (Delfino's Opp'n 17–18.) Hartford, however, unequivocally "move[d] for dismissal of *all cross-claims asserted by [D]efendants*." (Hartford's Mot. at unnumbered 1 (emphasis added)); *see also* Hartford's Mem. 2 ("request[ing] that the Court dismiss the Cross-Claims," which collectively refer to "Delfino's and all other defendants' cross-claims").) To be clear, the Court dismisses *all* crossclaims asserted by Claimants, including but not limited to, Delfino.

11

unrelated to Policy proceeds that are the subject of the Interpleader Action, the Counterclaim, too, exceeds the scope of jurisdiction under § 1335.

To assert a counterclaim under Rule 13, "the defendant in an interpleader action who also counterclaims must still make some claim against the interpleaded fund." *Libby, McNeill, and Libby v. City Nat'l Bank*, 592 F.2d 504, 507–08 (9th Cir. 1978). In other words, "interpleader protection generally does not extend to counterclaims that are not claims to the interpleaded funds." *Lee*, 688 F.3d at 1009; *see also Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009) ("[T]he normal rule is that interpleader protection does not extend to counterclaims that are not claims to the interpleaded funds.").

Here, the Counterclaim makes no claim against the Policy proceeds but instead seeks adjudication of Hartford's separate obligations under the Policy. Whether "[Hartford] has the duty to provide defense and indemnity to Delfino," (Delfino's Answer ¶ 64), a matter Hartford does not seem to contest, (*see* Hartford's Mem. 8 ("Hartford . . . is currently paying Delfino's defense costs and will continue to do so under the Policy until the Court distributes the Policy proceeds to . . . [C]laimants.")), is a question entirely distinct from the disbursement of the interpleaded funds, *see Indianapolis Colts v. Mayor & City Council of Balt.*, 741 F.2d 954, 956–57 (7th Cir. 1984) (recognizing that potential contract claim does not raise a claim to the stake and therefore "is not a situation for which interpleader was designed"); *Casey, Gerry, Schenk, Francavilla, Blatt & Penfield LLP v. Estate of Cowan*, No. 10-CV-821, 2012 WL 2151532, at *5 (S.D. Cal. June 13, 2012) (finding "th[e] court has no jurisdiction to preside over [the] counterclaims" that relate to "a completely separate obligation from the plaintiffs' obligation to distribute the [interpleaded funds]"). Indeed, the payment of defense costs under the Policy would not come out of the Policy proceeds, which cover *damages* from the Fire up to $1 million.

(*See* Am. Compl. ¶ 40.)[7]  In an effort to salvage the Counterclaim, Delfino speciously asserts that because Hartford "put its obligations under the [P]olicy at issue, Delfino is obligated to assert its rights under the [P]olicy in the same action." (Delfino's Opp'n 11.)  However, as discussed above, the only issue presented by the Amended Complaint is "the efficient and fair distribution of the Policy [proceeds]." (Am. Compl. ¶ 50.)  Because the Counterclaim is not a claim to (and, in fact, has no bearing on) the interpleaded funds, it falls outside the jurisdictional grant of § 1335.

In the alternative, Delfino argues that "the [C]ounterclaim would otherwise be within the [C]ourt's supplemental jurisdiction under [§] 1367." (Delfino's Opp'n 11 n.3.)  This is simply untrue, for Delfino's demand for defense and indemnity is not "so related" to the interpleader action as to "form part of the same case or controversy . . . ." 28 U.S.C. § 1367.  While a counterclaim "forms part of the same controversy if it and the federal claim derive from a common nucleus of operative fact," *Briarpatch Ltd. v. Phx. Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004), here the Court has already determined the Counterclaim to be wholly unrelated to payment of the Policy proceeds over which it has original jurisdiction, *see Cherokee Ins. Co. v. Koenenn*, 536 F.2d 585, 588 (5th Cir. 1976) (finding no supplemental jurisdiction where "[t]he facts which might support [the crossclaim] at best would relate only tangentially to the facts underlying the interpleader question of . . . the proper distribution of the insurance funds"); *Sun Life & Health Ins. Co. v. Colavito*, 14 F. Supp. 3d 176, 183 (S.D.N.Y. 2014) (noting "that the cross-claim does not address the sole issue raised in the [i]nterpleader [c]omplaint—i.e., who is

---

[7] Hartford expressly notes that its "duty to defend Delfino as an additional insured under the Policy is in addition to, not paid from the interpleaded Policy funds." (Hartford's Mem. 8.)  Indeed, it is "*Claimants* [who] are entitled to the Policy proceeds," (Am. Compl. ¶ 49 (emphasis added)), not an additional insured or an assignee.

13

the beneficiary of the proceeds of the policy"—and thus "arguably does not share a common nucleus of operative fact[s] with the original claim"); *Union Sec. Ins. Co. v. Alexander*, No. 11-CV-10858, 2011 WL 5199918, at *9 n.2 (E.D. Mich. Nov. 2, 2011) (finding no supplemental jurisdiction to decide the collateral claims where "[the] interpleader case . . . centers on the narrow issue of who is entitled to the proceeds of a specific life insurance policy"). Accordingly, there is no supplemental jurisdictional over the Crossclaim.[8]

Delfino further contends that "there is an independent subject matter jurisdictional basis for Delfino's [C]ounterclaim under [§] 1332." (Delfino's Opp'n 11 n.3.) This contention, however, is unavailing. For one, it is not clear from the pleadings that Delfino's claim for defense costs would satisfy the amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a). Yet, in any event, *Tashire* and its progeny make clear that interpleader was not intended, and should not be used, as a vehicle to bootstrap a host of claims to the issue of the disputed fund. *See, e.g.*, 386 U.S. at 535–37; *Maryland Cas. Co. v. Sauter*, 344 F. Supp. 433, 436–37 (N.D. Miss. 1972) ("[I]n an interpleader action, . . . the court is concerned only with the needs for the orderly contest of the interpleaded fund."). To the extent that diversity jurisdiction might exist,

---

[8] Even if it undoubtedly had supplemental jurisdiction over the Counterclaim (or Crossclaims), the Court would decline to exercise it and order dismissal nonetheless. *See Briarpatch Ltd.*, 373 F.3d at 308 ("The fact that the district court has the power to hear . . . supplemental claims does not mean . . . that it must do so. Instead, it may decline to exercise its power based on the factors laid out in 28 U.S.C. § 1367(c). This decision is left to the exercise of the district court's discretion."). The Counterclaim and Crossclaims seek to introduce the question of liability, which is otherwise absent from the Amended Complaint. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim . . . over which the district court has original jurisdiction . . . .").

Delfino has the option to sue for breach of contract, or any other causes of action, in a separate federal action; it need not, and should not, do so here.[9]

Thus, the Counterclaim is dismissed as beyond the scope of jurisdiction under § 1335.

3. Third-Party Complaint

The Third-Party Complaint against TST puts forth causes of action for indemnity (Third-Party Compl. ¶¶ 21–26 (Dkt. No. 104)), contribution (*id.* ¶¶ 27–29), and breach of contract (*id.* ¶¶ 30–35). In doing so, Delfino again asks the Court to address issues outside the scope of the interpleader, and this attempt thus similarly fails.

Generally, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). However, "a claim may not be brought against a third-party defendant unless it is based on the plaintiff's claim against the defendant." *Steed Fin. LDC v. Laser Advisers, Inc.*, 258 F. Supp. 2d 272, 281 (S.D.N.Y. 2003); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 380 (S.D.N.Y. 2006) (noting that "a third-party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim" (alterations and internal quotation marks omitted) (citing, inter alia, *Tashire*, 386 U.S. at 535)). In the context of interpleader actions, it bears reiterating that § 1335 is not open-ended or all-encompassing grant of jurisdiction. *See Tashire*, 386 U.S. at 537; *Glenclova*, 874 F. Supp. 2d at 309. Rather, as noted, "[t]he Supreme Court has clearly stated that relief pursuant to interpleader under 28 U.S.C. § 1335 should not extend beyond 'the needs of orderly contest with respect to

---

[9] In determining that the Counterclaim cannot be brought in this Interpleader Action, the Court by no means denies Delfino the opportunity to sue Hartford; it just must do so in a separate suit. *Cf. Maryland Cas.*, 377 F. Supp. at 69 (noting that an interpleader action does not prevent a tort victim from seeking "full satisfaction" against the tortfeasor in another action).

the fund.'" *Great W. Cities, Inc. v. Curtis*, 588 F. Supp. 73, 76 (S.D.N.Y. 1984) (quoting *Tashire*, 386 U.S. at 534).

Here, the Third-Party Complaint is unrelated to the cause of action brought by Hartford, as the federal interpleader statute covers "[t]wo or more adverse claimants" who "are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335(a)(1). "To be a claimant, one must assert an interest in the fund that is the subject of the interpleader action." *Morgan Stanley DW, Inc. v. Divel*, No. 05-CV-673, 2006 WL 167707, at *2 (D. Md. Jan. 23, 2006); *see also Bankers Tr. Co. of W. N.Y. v. Crawford*, 559 F. Supp. 1359, 1361 (W.D.N.Y. 1983) (noting § 1335's requirement of "adverse claimants" who "assert[] a right to the fund"). TST, as the insured, has no claim to the Policy proceeds and thereby is not an adverse claimant to the funds that are the subject of the instant Action. *See Allstate*, 382 F.2d at 86 (finding that the insured's estate was not an "adverse claimant" under § 1335 in an interpleader action focused on the insured's automobile liability policy).[10] TST, in other words, is not a proper party to this interpleader. Because the Third-Party Complaint thus falls outside the scope of jurisdiction granted by § 1335, it is dismissed.

### III. Conclusion

For the reasons set forth, the Court grants Hartford's Motion To Dismiss all Crossclaims, the Counterclaim, and the Third-Party Complaint, and grants TST's Motion To Dismiss the

---

[10] In arguing that "[t]hird-party claims are permitted in interpleader actions under appropriate circumstances," Delfino cites to *F.H. McGraw & Co v. Sherman Plastering Co.*, 60 F. Supp. 504 (D. Conn. 1943), *aff'd* 149 F.2d 301 (2d Cir. 1945), and *Marvin E. Herman, Inc. v. White*, No. 91-CV-5025, 1994 WL 363980 (S.D.N.Y. July 13, 1994). (*See* Delfino's Opp'n 16–17.) Those cases are distinguishable, however, as all parties involved were adverse claimants. Such "appropriate circumstances" clearly do not exist here.

Third-Party Complaint. The Clerk of the Court is respectfully directed to terminate the pending Motions. (Dkt. Nos. 148, 177.)

SO ORDERED.

Dated: March 30, 2016
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

17